**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

\*\*\*

ANTONIO LUIS FREIRE,

        Plaintiff,

vs.

DIANE SULLIVAN, et al.,

        Defendants.

Case No. 2:17-cv-02185-RFB-VCF

**REPORT AND RECOMMENDATION**

This matter involves Plaintiff Antonio Luis Freire's civil-rights action against Judge Diana Sullivan, Judge Melissa Saragosa, the State Bar of Nevada, and the Regional Justice Center. Before the Court is Plaintiff Antonio Luis Freire's Application to proceed *in forma pauperis* (ECF No. 1) and Complaint (ECF No. 1-1). Mr. Freire's Application to proceed *in forma pauperis* (ECF No. 1) is GRANTED. For the reasons stated below, however, Mr. Freire's Complaint should be DISMISSED WITH PREJUDICE.

## I. DISCUSSION

### A. Application to Proceed *In Forma Pauperis*

Mr. Freire brings this case *pro se* and is seeking to appear *in forma pauperis* pursuant to 28 U.S.C. § 1915. Under 28 U.S.C. § 1914(a), a filing fee is required to commence a civil action in federal court. The court may authorize the commencement of an action without prepayment of fees and costs or security therefor, by a person who submits an affidavit that includes a statement showing the person is unable to pay such costs. *See* 28 U.S.C. § 1915(a)(1). The standard governing *in forma pauperis* eligibility under 28 U.S.C. § 1915(a)(1) is "unable to pay such fees or give security therefor." *Id*. Determination of what constitutes "unable to pay" or unable to "give security therefor" and, therefore whether to allow a plaintiff

1

to proceed *in forma pauperis*, is left to the discretion of the presiding judge, based on the information submitted by the plaintiff or plaintiffs. *See, e.g.*, *Fridman v. City of New York*, 195 F. Supp. 2d 534, 536 (S.D.N.Y.) ("The decision of whether to grant a request to proceed *in forma pauperis* is left to the District Court's discretion under § 1915"), *aff'd*, 52 Fed. Appx. 157 (2nd Cir. 2002); *Shobe v. People of State of Cal.*, 362 F.2d 545, 546 (9th Cir. 1966) (same).

Here, Mr. Freire's affidavit states that he has a monthly income of $1,000. *See* ECF No. 1 at 1. The affidavit also states that Mr. Freire "recently changed jobs and [is] having difficulty making bills." *Id*. Mr. Freire has no money in the bank. *Id*. at 2. Mr. Freire's Application to proceed *in forma pauperis* is granted.

**B. 28 U.S.C. § 1915(e) Screening**

Upon granting a request to proceed *in forma pauperis*, a court must screen a complaint pursuant to § 1915(e). Federal courts have the authority to dismiss a case if the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *See Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A complaint is frivolous within the meaning of §1915(e) if it lacks an arguable basis either in law or in fact, *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995), or is premised on a nonexistent legal interest or delusional factual scenario, *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). And "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *See Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *see also*

*Fratus v. DeLand*, 49 F.3d 673, 674 (10th Cir. 1995) (holding that dismissal is appropriate for a claim based on an indisputably meritless legal theory); *Boruski v. Stewart*, 381 F. Supp. 529, 533 (S.D.N.Y. 1974) (stating that a dismissal under § 1915[e] is appropriate when, *inter alia*, the allegations of the complaint are "beyond credulity").

When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato*, 70 F.3d at 1106. "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Mr. Freire purports to bring claims against various state governmental entities and officers for preventing him from practicing law on behalf of himself and others. In particular, Mr. Freire's claims stem from his attempt "to defend a friend/contracted client [in state court] and was denied, under threat of arrest at gunpoint, the right to defend him." *See, e.g.*, ECF No. 1-1 at 4. Mr. Freire alleges that he has studied law since October 2010, and does not "advertise [his] services as an 'attorney in fact" and "will … only represent personal friends and loved ones." *Id*. at 5, 10 ("As all of my clients (which is defined as paying customers) are elders of the community I will have a written contract which outlines my pay and duties and responsibilities. It is acceptable to me to be called … (1) Private Attorney General … (3) A barrister (4) Assistance of Counsel (5) Advocate … (8) Guardian Ad Litem (9) General Guardian (10) A Conservator …"), 11 ("I am knowledgeable of the law, I am knowledgeable of the contract, therefore I am competent to represent myself and my person properly as well as others.").

The Complaint also states that "[i]t is said that in order to become a lawyer in Nevada, the person needs to apply to the State Bar of Nevada and pass the Bar Exam." *Id*. at 8. Relying on *Schware v. Bd. of Bar Exam. of State of N.M.*, 353 U.S. 232, 238 (1957), the Complaint alleges that since "the BAR

Association requires individuals who wish to practice law to get a license and pay a fee (annual dues), they may be seen as being in contempt of court for disobeying the ruling of the Supreme Court of the United States." *See* ECF No. 1-1 at 8.

In *Schware v. Board of Bar Examiners of N. M.*, the U.S. Supreme Court held that former membership in the Communist Party and an arrest record relating to union activities could not be the basis for completely excluding a person from the practice of law. The U.S. Supreme Court has indicated that the "liberty component of the Fourteenth Amendment's Due Process Clause includes some generalized due process right to choose one's field of private employment, but a right which is nevertheless subject to reasonable government regulation." *See Conn v. Gabbert*, 526 U.S. 286, 292 (1999); *see also Dent v. West Virginia*, 129 U.S. 114 (1889) (upholding a requirement of licensing before a person can practice medicine).

The U.S Supreme Court in *Schware* held that a "State cannot exclude a person from the practice of law or from any other occupation in a manner or for reasons that contravene the Due Process or Equal Protection Clause of the Fourteenth Amendment." *Schware*, 353 U.S. at 238-39. The U.S. Supreme Court explained, however, that a "State can require high standards of qualification, such as good moral character or proficiency in its law, before it admits an applicant to the bar, but any qualification must have a rational connection with the applicant's fitness or capacity to practice law." *Id.*[1] To be sure, in applying permissible standards, the officers of a State cannot exclude an applicant when there is no basis for their finding that he fails to meet these standards, or when their action is invidiously discriminatory. *Id*. The

---

[1] *See also* Nevada Revised Statute 7.285: "A person shall not practice law in this state if the person: (a) Is not an active member of the State Bar of Nevada or otherwise authorized to practice law in this state pursuant to the rules of the Supreme Court ...."; Nevada Supreme Court Rule 51(1): "An applicant for a license to practice as an attorney … in this state shall not be admitted to practice law in this state unless such applicant shall … (c) Have received a degree of bachelor of laws, or an equivalent law degree, from a law school approved by the committee on legal education and admissions to the bar of the American Bar Association, and shall present evidence of the same … (k) Achieve a passing score on the state bar examination."

4

qualification must not be arbitrary; any reason for preventing a person from practicing law must be valid. The only constitutionally permissible state objective in licensing attorneys is to assure that the applicant is capable and fit to practice law. *See Martin-Trigona v. Underwood*, 529 F.2d 33 (7th Cir. 1975).

For a license to practice law as an attorney in Nevada, Nevada Supreme Court Rule 51 requires, *inter alia*, graduation from an A.B.A.-approved law school and passing the state bar exam. The hardship imposed upon a particular applicant by such a rule is reasonable and not a deprivation reaching constitutional dimensions. *See Louis v. Supreme Court of Nevada*, 490 F. Supp. 1174, 1183 (D. Nev. 1980). Mr. Freire's claims against various state governmental entities and officers that they violated the Constitution or U.S. Supreme Court precedent by imposing basic requirements to practice law such as passing the state bar exam, and preventing him from contracting with and representing others in state court are based on a meritless legal theory. The Complaint also includes various ramblings that appear unrelated to Mr. Freire's claims about his right to practice law and to contract with others to represent them in court. *See, e.g.*, ECF No. 1-1 at 7 ("Traitors, Protestants, Liberals and Heretics take heed for I oppose your causes for I am a dignitary to assist the injured off of the battlefield"), 12 ("Because the state has failed to prove I am an enemy combatant the actions being brought against me or my person amount to an act of war against one of the people."). Mr. Freire seeks impeachment of Judge Sullivan and Judge Saragosa, damages for the various constitutional violations, and that his clients' cases be dismissed with prejudice. *Id.* at 4.

Mr. Freire's Complaint fails to state a plausible claim for relief and is frivolous within the meaning of § 1915(e) because it lacks an arguable basis either in law or in fact. Mr. Freire's Complaint should be

dismissed with prejudice because it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato*, 70 F.3d 1103, 1106 (9th Cir. 1995).[2]

ACCORDINGLY,

IT IS ORDERED that Mr. Freire's Application to proceed *in forma pauperis* (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of the Court file the complaint. (*See* ECF No. 1-1).

IT IS FURTHER ORDERED that Mr. Freire is permitted to maintain the action to its conclusion without the necessity of prepayment of any additional fees, costs, or security. This order granting *in forma pauperis* status does not extend to the issuance of subpoenas at government expense.

IT IS RECOMMENDED that, in light of the frivolous (and delusional) nature of Mr. Freire's claims, Mr. Freire's Complaint (ECF No. 1-1) be DISMISSED WITH PREJUDICE.

## **NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within 14 days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the

---

[2] The Court notes that Mr. Freire has previously brought claims against various Nevada governmental entities and officers, including other Nevada Judges based on similar allegations as the Complaint here. *See Freire v. Las Vegas Metropolitan Police Department, et al.*, Case no. 2:17-cv-01558-APG-NJK (2017), ECF Nos. 5, 6. U.S. District Court Judge Andrew Gordon accepted U.S. Magistrate Judge Nancy Koppe's Report and Recommendation that Mr. Freire's Complaint be dismissed with prejudice in light of the frivolous and delusional nature of his claims. *Id*.

District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to Local Special Rule 2-2, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party or the party's attorney. Failure to comply with this Rule may result in dismissal of the action. See LSR 2-2.

IT IS SO RECOMMENDED.

DATED this 25th day of August, 2017.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE